IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD D. GADDIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 19-CV-_____ |
| | ) | |
| BRANDON ZANOTTI, | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Donald Gaddis brings this Class Action Complaint and Demand for Jury Trial against Brandon Zanotti, the States Attorney for Williamson County, Illinois, with the purpose of requesting injunctive relief and damages against Zanotti. The suit requests entry of a judgment for money damages and for entry of an injunction prohibiting Zanotti from securing as a condition of bail for criminal defendants he is prosecuting the submission to a mental evaluation at the defendants' expense. The Complaint alleges that said practice violates the defendants' constitutional right to bail, potentially comprises the defendants' Fifth Amendment rights against self-incrimination, and serves no legitimate governmental purpose. In addition, the Complaint alleges that the Defendant violated the Plaintiff's constitutional right to bail by having the Plaintiff arrested twice, the second time after bail had been posted. In this Complaint, Plaintiff makes allegations upon personal knowledge and, as to other matters, makes allegations upon information and belief, which includes investigations conducted by Plaintiff's attorney. Plaintiff joins in his suit against Zanotti a claim for retaliation for the exercise of Plaintiff's first amendment rights, further seeking injunctive relief and incidental damages. All federal question claims allege violations of 42 U.S.C. § 1983 of the United States Code. Plaintiff has joined

pursuant to 28 U.S.C. § 1367, a state law based claim wherein he seeks injunctive relief and damages.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this suit as to the 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1343, and, as to the state law malicious prosecution claims, jurisdiction is present under 28 U.S.C. § 1367 (supplemental jurisdiction). Pursuant to 42 U.S.C. § 1988, this Court has jurisdiction over Plaintiff's claims for costs and attorney fees.

2. Venue lies pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## THE PARTIES

3. The Plaintiff, Donald D. Gaddis ("Gaddis"), is an adult who resided in the City of Marion, Illinois, and he later moved to Vienna, Illinois. He was a resident of those localities during events complained of herein.

4. Defendant, Brandon Zanotti, is and at all relevant times was the States Attorney of Williamson County, Illinois. Defendant Zanotti is being sued in his individual and representative capacities. At all times relevant herein, Zanotti was acting under the color of law.

## COUNT I
## 42 U.S.C. § 1983
## Violation of Right to Bail
## Class Action

Now Comes the Plaintiff, Donald Gaddis, by and through his Attorney, Darrell Dunham, and for Count I of his Complaint against the Defendant, Brandon Zanotti ("Zanotti"), he says:

5. He incorporates herein as if fully stated herein the allegations set forth in paragraphs 1 through 4 herein.

6. On or about June 29, 2018, Plaintiff was arrested by Deputies of the Marion Police

Department, and the Plaintiff was incarcerated. See 2018-CF-383.

7. Plaintiff was charged with a Class 4 felony along with a misdemeanor charge.

8. On or about July 2, 2018, and after the Plaintiff was falsely arrested in the morning, bail bond was set for $5000.00, and the Plaintiff was released when bail was posted.

9. As a condition of being released upon posting bail, Plaintiff was ordered to submit to a mental evaluation at the insistence of Zanotti's office.

10. The evaluation was to be undertaken at Plaintiff's expense.

11. At said time and place, no reason was given by Zanotti's office as to the need for the evaluation.

12. No hearing was held as to basis for the condition, and therefore no showing was made by Zanotti as to the constitutional basis or legal basis for the condition.

13. Based upon information sufficient to form a belief, Plaintiff alleges that the reason for the condition of a mental evaluation was not for the purpose of securing an opinion as to whether Plaintiff was fit to stand for trial.

14. On July 18, 2018, a Special Prosecutor was appointed due to a conflict of interest of the Defendant.

15. On August 13, 2018, the felony charges were dropped by the Special Prosecutor.

16. Subsequently, the Plaintiff moved to have the bail money returned, and on May 21, 2019, an order was entered releasing all but $150.00 of the bail bond deposit.

17. On or about November 30, 2018, Plaintiff was arrested by deputies of the Johnston City Police Department, and the Plaintiff was incarcerated. See 2018-CF-685.

18. Plaintiff was charged with a Class 4 felony.

19. On or about December 2, 2018, Zanotti requested bond to be set at $50,000.00, but

bond was set by the Court for $30,000.00. Plaintiff was released when bail bond was posted.

20. As a condition of being released upon posting bail, Plaintiff was ordered to submit to a mental health evaluation and was required to follow up upon recommended treatment.

21. The evaluation was to be undertaken at Plaintiff's expense.

22. At said time and place, no reason was given by Zanotti's office as to the need for the evaluation. Based upon information sufficient to form a belief, Zanotti's employee, who was acting as the Assistant States Attorney requested the evaluation in retaliation for Plaintiff's exercise of his First Amendment rights by posting signs in the community which were critical of Zanotti and other local public officials, including a County Commissioner and the Sheriff of Williamson County.

23. Based upon information sufficient to form a belief, the reason for the condition of a mental evaluation was not for the purpose of securing an opinion as to whether Plaintiff was fit to stand for trial.

24. No hearing was held as to basis for the condition and therefore no showing was made by Zanotti as to the constitutional basis and/or legal basis for the condition.

25. On December 10, 2018, a special prosecutor was appointed due to a conflict of interest on Zanotti's part.

26. Plaintiff, with new counsel, filed a Motion to Reconsider the order as to as to submitting to a mental evaluation as a condition of bail on January 9, 2019.

27. On May 2, 2019, a hearing was held on the Motion to Reconsider, and the Circuit Court struck the requirement that the Plaintiff submit to a mental evaluation. The order extended only to case 2018-CF-685.

28. Based upon information sufficient to form a belief, Plaintiff alleges that Zanotti has

in a place a pattern and practice of conditioning bail upon mental health evaluations, with said the cost of said evaluations to be borne by the defendants.

29. Pursuant to said pattern and practice, Zanotti offers no evidence showing the State's interest in securing said mental evaluations.

30. These mental evaluations are not for the purpose of establishing whether the defendant is fit to stand for trial.

31. Criminal defendants who are subject to these bail requirements have no avenue of recourse in that there is no right to appeal.

32. Even if there was a right to appeal, the defendants would be at the risk of continued incarceration while the appeal was pending.

33. Plaintiff has standing to bring this suit as he had to expend in excess of $1500.00 in attorney fees to get the condition stricken.

34. Plaintiff further has standing to bring this suit as there remains to this day the order of the Circuit Court as public record that Plaintiff was required to undertake a mental evaluation.

35. Said mental evaluations, impinge upon and defendants' right against self-incrimination for one or more of the following reasons:

    A)     The results of the evaluation will, of necessity, have to be submitted to the Court;

    B)     The report of the mental health professional may, inadvertently or otherwise, disclose incriminating evidence;

    C)     Defendants should not be forced to give incriminating evidence even to therapists who are cloaked with a privilege as a condition of bail;

    D)     Even therapists with whom conversations may be privileged may violate the privilege under stated circumstances;

E) It should be the criminal defendants, and defendants alone, who determine whom they discuss privileged matters with, and it should not be Zanotti's decision;

## CLASS ALLEGATIONS

36. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seek certification of the following class: All persons from 5 years prior to the filing of this action: 1) who were required to seek a mental evaluation as a condition of bail; 2) who were required to pay for the evaluation; 3) who where require to undergo the mental evaluation without any showing of need for the State to violate of the criminal defendant's constitutional rights;

37. Based upon information sufficient to form a belief, the number of persons in the class cannot be determined with any precision until discovery is taken, but the estimate is that the number exceeds forty individuals and the upper limit may exceed 200. Joinder would not be practicable for all of these parties.

38. There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include: 1) whether Zanotti infringes on the class members' constitutional rights by conditioning bail on a mental health evaluation; 2) whether Zanotti should be constitutionally required to show the factual basis for the condition at a hearing wherein the class member may subject Zanotti's evidence to cross examination and constitutionally mandated rules of evidence.

39. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in bringing litigation in federal court. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique

to the Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so.

40. This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practice as to conditioning bail on mental evaluations apply to and affect the members of the Class uniformly, and Plaintiff's challenge to those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to any Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

WHEREFORE Plaintiff, by himself, and for all Class members prays for the following relief:

A) For money damages in the form of any attorney fees incurred in resisting the mental evaluations or for the costs incurred in obtaining said evaluations;

B) For injunctive relief as follows:

1) Enjoining the Defendant from requesting of the Circuit Court a mental evaluation as a condition of bail without a showing of a compelling state interest that said condition must be a requirement of bail;

2) Enjoining the Defendant from requesting of the Circuit Court a mental

        evaluation as a condition of bail without adducing evidence which satisfies the rules of evidence and with testimony that is subject to cross examination;

    3)    Enjoining the Defendant from requesting of the Circuit Court a mental evaluation as a condition of bail without citation to the legal authority that permits the Defendant to request that bond be conditioned a mental evaluation;

    4)    Enjoining the Defendant from requesting of the Circuit Court a mental evaluation as a condition of bail unless the Defendant's office shall offer to pay for the evaluation;

    5)    Enjoining the Defendant from requesting of the Circuit Court a mental evaluation as a condition of bail unless the defendant in the criminal prosecution shall have the right to have his or her attorney present for the purpose of invoking the right to refuse to give any statements that may incriminate the defendant in the criminal case.

C)    For costs of suit;

D)    For reasonable attorney fees;

Plaintiff demands a jury trial.

Date: June 19, 2018

                                            SS// Darrell Dunham  
                                            Darrell Dunham  
                                            Darrell Dunham & Associates  
                                            Attorneys at Law  
                                            308 West Walnut Street  
                                            Carbondale, IL 62901  
                                            618-549-9800  
                                            Fax: 618-549-9805

## COUNT II
## 42 U.S.C. § 1983
## Retaliation for Exercise of
## Right to Free Speech

Now Comes the Plaintiff, Donald Gaddis, by and through his Attorney, Darrell Dunham, and for Count II of his Complaint against the Defendant, Brandon Zanotti ("Zanotti"), he says:

41. He incorporates herein as if fully stated herein the allegations set forth in paragraphs 1 through 4 herein.

42. Beginning in the fall of 2017 up and to this present day, Plaintiff has exercised his right to freedom of speech as guaranteed by the First Amendment of the United States Constitution by the placement of numerous signs in his yard and in public places commenting on matters of public concern with regard to policies, practices, and decisions of local government officials.

43. Among the signs, Plaintiff has placed are numerous signs critical of the policies and practices of the Defendant-Zanotti.

44. Said statements were about a matters of public concern in that they concerned the polices, practices, and decisions of local government officials in general and those policies, practices, and decisions, of Zanotti in particular.

45. Said statement resulted in the Plaintiff being retaliated against in one or more the following ways:

 A) In 2018-CF-178, Zanotti drafted and filed the information charging Plaintiff with a felony and represented the State in the initial appearance wherein bail was set;

 B) In 2018-CF-383, Zanotti drafted and filed the information charging Plaintiff with a felony, represented the State in the initial appearance wherein bail was set, and

    requested to the Court that Plaintiff sit for a mental evaluation as a condition of bail;

C) In 2018-CF-685, Zanotti drafted and filed the information charging Plaintiff with a felony, represented the State in the initial appearance wherein bail was set, and requested to the Court that Plaintiff sit for a mental evaluation as a condition of bail;

D) During the hearing regarding bail in case 2018-CF-685, Zanotti's assistant stated that she was aware of the Plaintiff's exercise of his right to free speech and further stated to the Court that the mental evaluation should be a condition of bail as a condition bail because of the Plaintiff's exercise of his right to free speech.

E) In 2019-CM-62, Zanotti drafted and filed the information charging Plaintiff with a misdemeanor and represented the State in the initial appearance.

F) In 2019-CM-96, Zanotti drafted and filed the information charging Plaintiff with a misdemeanor and represented the State in the initial appearance. Zanotti's office requested a bench warrant be issued when the Plaintiff was not present in Court;

G) In 2019-CM-128, Zanotti drafted and filed the information charging Plaintiff with a misdemeanor and represented the State in the initial appearance.

H) In 2019-CM-62, after the police who had investigated the charges had declined to arrest the Plaintiff, Zanotti drafted and filed the information charging Plaintiff with a misdemeanor and represented the State in the initial appearance.

I) In 2019-TR-1206, Zanotti requested a bench warrant be issued when the Plaintiff was not present in Court;

J) In 2019-TR-1207, Zanotti requested a bench warrant be issued when the Plaintiff

was not present in Court;

K) In 2019-TR-1208, Zanotti requested a bench warrant be issued when the Plaintiff was not present in Court;

L) While Plaintiff was incarcerated in the Williamson County Jail for the charges set forth in paragraphs F, G, & H above, one of Zanotti's assistants stated she was aware of the fact that Plaintiff had posted signs critical of Zanotti, further apologizing to jail personnel for having to hold the Plaintiff.

M) Even though Zanotti had a conflict of interest, his office assisted a minimum of two individuals to file three orders of protection naming the Plaintiff as respondent.

N) Zanotti's office refused to assist Plaintiff in the filing of orders of protection against individuals who had falsely accused Plaintiff and had harassed.

46. As a result of the actions set forth in paragraph 45 above, Gaddis was damaged in the following ways:

A) He has been forced to expend substantial sums of money defending charges initiated by Zanotti;

B) He sustained substantial emotional distress because these charges have been filed and made a part of the public record;

WHEREFORE, Plaintiff prays for damages against the Defendant as follows:

A) Damages for emotional distress as determined by this Court but in no event less than $25,000.00;

B) In excess of $40,000.00 in court fees and attorney fees required for the defense of the charges;

C) Punitive damages as determined by this Court but in no event less than $500,000.00.

D) For his reasonable attorney fees.

E) That Zanotti be enjoined from participating in, in any manner, the prosecuting of the Plaintiff for any alleged criminal violations or the filing of any civil litigation, including, but not limited to, orders of protection. The scope of the injunction should include, but not be limited to, drafting in any criminal charges by way of information, or otherwise, and representing the State at any first appearances and bail hearings.

E) For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

Date: June 19, 2019

SS// Darrell Dunham
Darrell Dunham
Darrell Dunham & Associates
Attorneys at Law
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
Fax: 618-549-9805

COUNT III
42 U.S.C. § 1983
VIOLATION OF
RIGHT TO BAIL – FALSE ARREST

Now Comes the Plaintiff, Donald Gaddis, by and through his Attorney, Darrell Dunham, and for Count III of his Complaint against the Defendant, Brandon Zanotti ("Zanotti"), he says:

47. He incorporates herein as if fully stated herein the allegations set forth in paragraphs 1 through 4 herein.

48. On or about April 17, 2019, Plaintiff was arrested in Williamson County, Illinois, and charged with a misdemeanor. 2019-CM-128

49. Plaintiff posted bond in the amount of $150.00.

50. Plaintiff was released from incarceration after he posted bond.

51. On or about April 18, 2019, Plaintiff was arrested a second time and bond was posted in the amount of $300.00.

52. Plaintiff's second arrest was pursuant to the same charges filed in case 2019-CM-128.

53. Plaintiff's second arrest was caused by the fact that Defendant presented a warrant to be executed by the Court even though the Plaintiff had already been arrested, had posted bail, and had been released on bail;

54. The constitutional violations detailed above were caused in part by the customs, policies, and/or practices of Zanotti. Specifically, Defendant's failure to adequately train, supervise, and control his personnel, constitutes deliberate indifference, and thereby encourages the misconduct as described above.

55. Defendant's policy and practice to inadequately punish and discipline prior instances of similar misconduct, including false arrests and unlawful searches of individuals' property, encourages future abuse by his staff, such as the misconduct described above.

56. Zanotti has failed to act to remedy the above described abuses, despite actual knowledge of said abuses, thus encouraging the type of misconduct and resulting injuries described above.

57. Plaintiff was damaged by Defendant's conduct in that he was forced to spend five hours in jail, being confined to a holding cell for five hours, he was harassed by the jail

personnel, he was not permitted to make a telephone call so that he could be bailed out a second time, and he suffered emotional distress.

WHEREFORE, Plaintiff prays for damages against the Defendant as follows:

A)  Damages in the amount for $50,000.00 for his second illegal arrest;

A)  Damages for emotional distress as determined by this Court but in no event less than $50,000.00;

B)  Punitive damages as determined by this Court but in no event less than $250,000.00.

C)  For his reasonable attorney fees.

D)  For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

Date: June 19, 2019    SS// Darrell Dunham
Darrell Dunham
Darrell Dunham & Associates
Attorneys at Law
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
Fax: 618-549-9805

## COUNT IV
### APPOINTMENT OF SPECIAL PROSECUTOR AND DECLARATORY AND INJUNCTIVE RELIEF PENDENT CLAIM BROUGHT PURSUANT TO SECTION 1367

Now Comes the Plaintiff, Donald D. Gaddis, by and through his Attorney, Darrell Dunham, and for Count III of his Complaint against the Defendant, Brandon Zanotti, says:

47. Plaintiff alleges herein as if fully stated herein the allegations set forth in paragraphs

1-4 above.

48. Prior to the filing of this proceeding, Zanotti had a conflict of interest with regard to any proceedings that his office filed against the Plaintiff, for one or more of the following reasons:

- A) Plaintiff on numerous occasions had exercised his right to freedom speech by posting signs in Williamson County, Illinois, expressing Plaintiff's criticism of the manner in which Zanotti conducted the affairs of his office;
- B) Based upon information sufficient to form a belief, Zanotti was aware of the existence of said signs and that the Plaintiff was responsible for their placement;
- C) Plaintiff has a relative working for Zanotti such that it created a conflict of interest that prohibited him from bringing any proceedings against Plaintiff;

49. Notwithstanding his conflict of interest, Zanotti prosecuted the Plaintiff through his office, in the following cases in the manner described below:

- A) In 2018-CF-178, Zanotti drafted and filed the information charging Plaintiff with a felony and represented the State in the initial appearance wherein bail was set;
- B) In 2018-CF-383, Zanotti drafted and filed the information charging Plaintiff with a felony, represented the State in the initial appearance wherein bail was set, and requested to the Court that Plaintiff sit for a mental evaluation as a condition of bail;
- C) In 2018-CF-685, Zanotti drafted and filed the information charging Plaintiff with a felony, represented the State in the initial appearance wherein bail was set, and requested to the Court that Plaintiff sit for a mental evaluation as a condition of bail;

D) During the hearing regarding bail in case 2018-CF-685, Zanotti's assistant stated that she was aware of the Plaintiff's exercise of his right to free speech and further stated to the Court that the mental evaluation should be a condition of bail as a condition bail because of the Plaintiff's exercise of his right to free speech.

E) In 2019-CM-62, Zanotti drafted and filed the information charging Plaintiff with a misdemeanor and represented the State in the initial appearance.

F) In 2019-CM-96, Zanotti drafted and filed the information charging Plaintiff with a misdemeanor and represented the State in the initial appearance. Zanotti's office equested a bench warrant be issued when the Plaintiff was not present in Court;

G) In 2019-CM-128, Zanotti drafted and filed the information charging Plaintiff with a misdemeanor and represented the State in the initial appearance.

H) In 2019-CM-62, Zanotti drafted and filed the information charging Plaintiff with a misdemeanor and represented the State in the initial appearance.

I) In 2019-TR-1206, Zanotti requested a bench warrant be issued when the Plaintiff was not present in Court;

J) In 2019-TR-1207, Zanotti requested a bench warrant be issued when the Plaintiff was not present in Court;

K) In 2019-TR-1208, Zanotti requested a bench warrant be issued when the Plaintiff was not present in Court;

L) While Plaintiff was incarcerated in the Williamson County Jail for the charges set forth in paragraphs F, G, & H above, one of Zanotti's assistants stated she was aware of the fact that Plaintiff had posted signs critical of Zanotti, further apologizing to jail personnel for having to hold the Plaintiff.

    M)    Even though Zanotti had a conflict of interest, his office assisted a minimum of two individuals to file three orders of protection naming the Plaintiff as respondent.

    N)    Zanotti's office refused to assist Plaintiff in the filing of orders of protection against individuals whom Plaintiff believed was harassing him.

50. Based upon information sufficient to form a belief, Plaintiff alleges that Zanotti asserts and contends that the only conflict in this case is the one involving Plaintiff's relative working for Zanotti and that the only danger posed by his prosecution of the Plaintiff is that it may appear to the public that Plaintiff will be given special treatment by Zanotti's office.

51. Based upon information sufficient to form a belief, Plaintiff alleges that the proceedings set forth above show a pattern of over-charging the Plaintiff such that the charges are either in retaliation for the Plaintiff's exercise of free speech or that Zanotti has overcharged so as to not be accused of favoritism to the Plaintiff or both;

52. Given the aggressive nature of the offices of law enforcement in Williamson County, the Marion City Police and the Williamson County Sheriff's Department, is it likely that Gaddis will suffer further arrests in Williamson County, Illinois;

53. At all this there was in full force and effect a statute duly promulgated in the State of Illinois, 55 ILCS 5/3-9008(a-10), which provides:

> The court on its own motion, or an interested person in a cause or proceeding, civil or criminal, may file a petition alleging that the State's Attorney has an actual conflict of interest in the cause or proceeding. The court shall consider the petition, any documents filed in response, and if necessary, grant a hearing to determine whether the State's Attorney has an actual conflict of interest in the cause or proceeding. If the court finds that the petitioner has proven by sufficient facts and evidence that the State's Attorney has an actual conflict of interest in a specific case, the court may appoint some competent attorney to prosecute or defend the cause or proceeding.

54. Zanotti has established a pattern and practice of participating in the prosecution the Plaintiff notwithstanding his conflict interest;

55. Despite his knowledge of his conflict, Zanotti has insisted upon participating in the prosecution and the filing of civil charges;

56. At no time during any of the criminal proceedings described above did the Plaintiff was a flight risk or did he pose a danger to the community such that the arrest without a warrant was mandated;

57. Based upon information sufficient for form a belief, Zanotti knew at the time that he elected to participate in the prosecutions against Gaddis that the Plaintiff was not a flight risk and that he did he pose a danger to the community such that the arrest without a warrant was mandated;

58. At all times relevant herein there was in full force and effect a statute duly promulgated in the United States, 28 U.S.C.A. § 2201(a), which generally provides that this Court may in the case of an actual controversy, declare the rights of the parties and enter a final judgment;

59. In the instant case an actual controversy exist in that Plaintiff contends and asserts that Zanotti must be disqualified in participating in any manner in prosecuting the Plaintiff whereas Zanotti contends that he is not disqualified from prosecuting the Plaintiff in the early stages of the criminal proceeding;

60. Given the pattern an practice of the Marion City Police, the Williamson County Sheriff, and the position taken by Zanotti's office, this case is not moot and the Plaintiff has standing to bring suit herein;

WHEREFORE, Plaintiff prays for the following relief:

A) Entry of an order declaratory the rights of the parties, namely, that Zanotti has and continues to have a conflict of interest that prohibits him from participating in any manner in the prosecution of the Plaintiff for any alleged crimes;

B) Entry of a judgment in the nature of injunctive relief prohibiting Zanotti from participating in any manner in the prosecution of the Plaintiff from any alleged crimes in the future.

Date: June 19, 2019

Darrell Dunham
Darrell Dunham & Associates
Attorneys at Law
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
Fax: 618-549-9805

## AFFIDAVIT

STATE OF ILLINOIS )
                  ) SS
COUNTY OF JACKSON )

OFFICIAL SEAL
THOMAS W MITBO
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Sept. 21, 2020

Now Comes Donald D. Gaddis and on oath says he has reviewed the allegations in this document and, except those that are alleged on information and belief, truly believes that the statements made herein are true and correct.

Dated: 7-17-19

Donald D. Gaddis

Subscribed and sworn to before me __Tom Mitbo__, a notary public in the Sate of Illinois.

Dated: 7/17/19

Notary Public

My Commission Expires: 9/21/2020

Z:\Gaddis, Donnie\Special Prosecutor Declaratory Judg\Complaint Against Zanotti.wpd