IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD D. GADDIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-781-DWD |
| BRANDON ZANOTTI, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the court on Defendant Brandon Zanotti's Motion to Dismiss (Doc. 58). For the reasons that follow, the motion is due to be **GRANTED**.

This Section 1983 action arises out of two criminal prosecutions brought against Donald Gaddis by the Williamson County State's Attorney's Office (18-cf-383 and 18-cf-685). In both criminal matters, the Williamson County State's Attorney's Office sought to have the judge order Gaddis to obtain a mental health evaluation and treatment as a condition of his release on bond.

On July 19, 2019, Gaddis filed suit against Defendant Brandon Zanotti, State's Attorney for Williamson County, Illinois. Gaddis alleged that Zanotti was denying him his constitutional right to bail and was retaliating against him for exercising his First Amendment rights. He sought to certify a class of similarly situated criminal defendants (individuals who were denied their right to bail when they were required to submit to a mental health evaluation at their expense without justification) (Count I – Violation of

Right to Bail). He also brought individual claims for retaliation (Count II), false arrest (Count III), and for the appointment of a special prosecutor for his criminal cases (Count IV). The Complaint sought monetary, injunctive, and declaratory relief.

On October 30, 2020, the Court entered an order striking Gaddis's class allegations and dismissing Count III as barred by the Eleventh Amendment and by prosecutorial immunity (Doc. 37). In addition, Counts I and II were dismissed to the extent that Plaintiff sought money damages. Accordingly, following entry of the order, all that remained were Gaddis's claims for injunctive and declaratory relief in Counts I, II, and IV. The Court also stayed the case in its entirety pending resolution of Mr. Gaddis's underlying criminal actions. In June 2022, following the death of Mr. Gaddis, the stay was lifted and Marleis Trover, as Personal Representative of the Estate of Donald Gaddis, was substituted as the plaintiff of record (Docs. 55, 56, 57).

Defendant now moves for dismissal of the action. Defendant contends that Mr. Gaddis's suit seeking declaratory and injunctive relief abated upon his death. *See Roberson v. Wood*, 500 F. Supp. 854, 858-59 (S.D. Ill. 1980) (damages for declaratory and injunctive relief are purely personal in nature and do not survive a party's death). Marleis Trover has responded to the motion to dismiss, stating that she consents to entry of an order dismissing the case with prejudice, and that she intends to assess whether the Court's order, entered on October 30, 2020, dismissing the claims for money damages, should be appealed.

Having considered the pending motion, the relevant case law, and counsel's response to the same, the Court finds that the remaining claims do not survive Mr.

Gaddis's death. Accordingly, the remaining claims, and this entire action, are dismissed with prejudice. The Court **DIRECTS** the clerk of court to enter judgment accordingly.

    **SO ORDERED.**

    Dated: September 16, 2022

    DAVID W. DUGAN
    United States District Judge